THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYSON FOODS, INC., <br><br> Plaintiff, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br> Defendant. | CASE NO. C22-0192-JCC <br><br> ORDER |

This matter comes before the Court on Tyson Foods, Inc.'s ("Tyson") (a) motion for a preliminary injunction (Dkt. Nos. 3, 5) and (b) motion to expedite a declaratory judgment hearing and to consolidate the preliminary injunction hearing with a trial on the merits (Dkt. No. 23), as well as both parties' motions to seal (Dkt. Nos. 2, 34, 46). Having thoroughly considered the briefing and the relevant record, and finding oral argument unnecessary, the Court DENIES Tyson's motion for a preliminary injunction (Dkt. Nos. 3, 5), GRANTS Tyson's motion to expedite and to consolidate (Dkt. No. 23), GRANTS the parties' motions to seal (Dkt. Nos. 2, 34, 46), and DISMISSES with prejudice Tyson's complaint (Dkt. No. 1) for the reasons explained herein.

I. **BACKGROUND**

Costco has purchased poultry from Tyson for some number of years. (*See generally* Dkt. No. 1.) More recently, Poultry consumers and the United States Government assert that Tyson

and other poultry producers collude and engage in generally anticompetitive conduct, resulting in inflated poultry prices. (*Id.*) Various parties have since brought suit against Tyson and other poultry producers in class-based litigation. *See In re Broiler Chicken Antitrust Litigation*, Case No. C16-08637 (N.D. Ill. 2016) (the "*Broiler* suit"). Costco has elected out of this litigation, preferring to pursue direct action. (*See* Dkt. No. 6-8 at 22.) This is taking the form of binding arbitration for producers, like Tyson, whom Costco believes are subject to an arbitration agreement with Costco. (*Id.*) For the remainder, Costco is pursuing its claims in court. *See Costco Wholesale Corp. v. Koch Foods, Inc., et al.*, Case No. C21-04611 (N.D. Ill. 2021).

The case before this Court involves Costco's arbitration demand against Tyson. (*See generally* Dkt. No. 1.) Costco filed its arbitration demand in December 2021 with the American Arbitration Association ("AAA"). (Dkt. Nos. 6-1, 6-2.) In it, Costco seeks arbitration pursuant to its current standard terms. (*See* Dkt. No. 6-2 at 8.) Tyson takes issue with Costco's demand, arguing that any arbitration proceeding between it and Costco must be governed not by Costco's *current* standard terms, but Costco's standard terms *in place at the time the parties entered into their current agreement*. (*See generally* Dkt. Nos. 1, 5.)[1] Tyson seeks a declaratory judgment that any agreement between Costco and Tyson does not incorporate Costco's current standard terms. (*See* Dkt. No. 1 at 12–13.) Tyson also seeks an injunction prohibiting Costco from arbitrating claims against Tyson under those same terms. (*Id.*)

Because the parties present no disputed facts to the Court and arbitration preparation is ongoing, Tyson asks for an expedited consolidated hearing on the merits pursuant to Federal Rules of Civil Procedure 57 and 65(a)(2). (*See generally* Dkt. No. 23.) Costco does not oppose Tyson's request to expedite and consolidate. (*See* Dkt. No. 35 at 24). And given the urgency of their dispute, the parties have indicated to the Court that they will accept a ruling "on the

---

[1] Tyson views Costco's earlier standard terms as more favorable to its interests. (*Id.*) For example, Tyson contends that the 180-day limitation period contained in the earlier, but not the current, terms act as an "absolute bar to Costco's [c]laim[s]." (*See* Dkt. No. 1 at 3.)

papers." (Dkt. No. 45 at 1.)

## II. DISCUSSION

### A. Declaratory Judgment

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Congress created this remedy, in part, to allow [a] potential [party] to file preemptive litigation to determine whether they have any legal obligation[] to their potential adversar[y]." *Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014) (citing *Seattle Audubon Soc'y v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996)). The Court has discretion to grant or deny declaratory relief. *Countrywide Home Loans, Inc. v. Mortgage Guar. Ins. Corp.*, 642 F.3d 849, 852 (9th Cir. 2011).

Here, it is undisputed that Tyson and Costco entered into a vendor agreement in 1995. (*See* Dkt. Nos. 3 at 6, 35 at 7.) That agreement incorporated Costco's ███████ ███████████████████ (Dkt. No. 6-3 at 2.) Those terms (the "1994 Terms") require that ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ (Dkt. No. 6-7 at 4.) Costco has regularly updated its standard terms since then, most recently doing so in 2019 (the "2019 Terms"). (Dkt. No. 35 at 15.) The 2019 Terms, like the 1994 Terms, require parties to arbitrate ████████████████████████████████ (Dkt. No. 6-4 at 12.)

Tyson argues that the 2019 Terms cannot govern Costco's arbitration demand because Tyson never affirmatively assented to them, and both the vendor agreement and Costco's 1994 Terms require written consent before any changes can be made. (Dkt. No. 1 at 12–13; *see* Dkt. Nos. 6-3 at 3, 6-7 at 2).) Tyson seeks a declaratory judgment confirming this position, along with an injunction barring an arbitration proceeding that might otherwise be held pursuant to the 2019

1  terms. (*See generally* Dkt. No. 1.)

2  Under the Federal Arbitration Act ("FAA"), the Court's review is limited to deciding
3  whether an arbitration clause (1) is valid and (2) covers the dispute at issue. *See Nguyen v.*
4  *Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014).) If an agreement exists, the FAA
5  "leaves no place for the exercise of discretion . . . , but instead mandates that district courts *shall*
6  direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213,
7  218 (1985) (emphasis original).

8  The 2019 Terms contain a delegation provision, requiring that ▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. No. 6-4 at 12.)
10 While the 1994 Terms lack this provision, this is of no import. So long as they provide that
11 arbitration is governed by AAA rules, and the 1994 Terms clearly provide this, then the
12 arbitrator is the one to determine his or her jurisdictional limits—not the Court. *See Schmidt v.*
13 *Samsung Elecs. Am., Inc.*, 2017 WL 2289035, slip op. at 6 (W.D. Wash. 2017). "[I]ncorporation
14 of the AAA rules constitutes clear and unmistakable evidence that the parties intended to
15 delegate the arbitrability question to an arbitrator." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130
16 (9th Cir. 2015).

17 Tyson argues that it could not have possibly agreed to delegate this issue to the arbitrator
18 when it entered into its 1995 agreement with Costco because the AAA did not amend its rules to
19 consider the import of delegation provisions until 2000. (Dkt. No. 47 at 12.) But the AAA's rules
20 in effect at the time provided that "any amendment [of the AAA rules] shall apply in the form
21 obtaining at the time the demand for arbitration . . . is received by the AAA." *McKellar v. Mithril*
22 *Capital Mgt. LLC*, 2020 WL 1233855, slip op. at 4 (N.D. Cal. Mar. 13, 2020) (citing AAA
23 Rule 1.) Meaning, absent a clear indication otherwise,[2] the AAA rules in effect at the time a
24 party initiates arbitration apply to that proceeding, not the rules in effect at the time a party
25 agrees to arbitrate future claims. *See, e.g.*, *Lucas v. Gund, Inc.*, 450 F. Supp. 2d 1125, 1132 (C.D.

26 ———
   [2] And here there is no such indication. (*See* Dkt. No. 6-3, 6-7.)

Cal. 2006); *Cmmw. Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1273 (7th Cir. 1976).

Therefore, it would appear that the issue Tyson seeks a declaratory judgment on is reserved for the arbitrator rather than the Court.

### B.  Motions to Seal

"There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g). To overcome that presumption, a party must show "good cause" for sealing a document attached to a non-dispositive motion and "compelling reasons" to seal a document attached to a dispositive motion. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178–81 (9th Cir. 2006).

The parties move to maintain under seal (Dkt. Nos. 2, 34, 46) certain documents attached to declarations supporting their briefing (Dkt. Nos. 6, 6-1–6-9, 38, 38-1–38-6, 40, 40-1, 49), along with unredacted versions of their briefing containing substantive references to those documents (Dkt Nos. 5, 36, 36-1). The documents, some of which are subject to a sealing order in the *Broiler* suit, represent contracts and communications between the parties, arbitration-related documents, and other confidential information. (*See generally* Dkt. Nos. 6, 38, 40, 49.)

Because Tyson has asked for a consolidated hearing on the merits, and this order disposes of Tyson's case, the Court applies the compelling reason standard. And, given the confidential nature of the documents, and the possibility that their disclosure will harm the parties' competitive standing, the Court finds a compelling reason to seal the documents and that reason outweighs the public's interest in disclosure.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby DENIES Tyson's motion for a preliminary injunction (Dkt. Nos. 3, 5), GRANTS Tyson's motion to expedite and to consolidate (Dkt. No. 23), GRANTS the parties' motions to seal (Dkt. Nos. 2, 34, 46), and DISMISSES with prejudice Tyson's complaint (Dkt. No. 1). The Clerk is DIRECTED to maintain Docket Numbers 6, 6-1–6-9, 36, 36-1 38, 38-1–38-6, 40, 40-1, and 49 under seal.

DATED this 16th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE